IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM D. DIXON, #234 960,        )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )     CASE NO. 2:22-CV-179-ECM-KFP
                                   )              [WO]
ALABAMA BOARD OF PARDONS           )
AND PAROLES, et al.,               )
                                   )
        Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.     INTRODUCTION

Pro se Plaintiff William Dixon, a state inmate, brings this Complaint under 42 U.S.C. § 1983. Dixon names as defendants the Alabama Board of Pardons and Paroles and John Anthony. On May 7, 2020, Dixon had a parole revocation hearing. He alleges improprieties occurred during the proceeding which violated his Fourteenth Amendment rights to due process. Dixon requests this Court compel the Alabama Board of Pardons and Paroles to pay him $100,000 for violating his constitutional rights during the challenged parole proceedings. Doc. 1 at 2–4.

## II.    STANDARD OF REVIEW

Because the Court granted Dixon leave to proceed in forma pauperis (*see* Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any portion of the Complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a
> significant benefit to courts (because it will allow them to use their scarce
> resources effectively and efficiently), to state officials (because it will free
> them from the burdens of frivolous and harassing litigation), and to prisoners
> (because courts will have the time, energy and inclination to give meritorious

claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## III.   DISCUSSION

### A.   The Alabama Board of Pardons and Paroles

To the extent Dixon seeks relief from the Alabama Board of Pardons and Paroles, the parole board is an extension of the State of Alabama. As such, it is absolutely immune from suit.

> [T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or boards]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit [via waiver of immunity] must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, neither the State of Alabama nor its agencies may be sued unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)


*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, any claims lodged against the State of Alabama or its agencies are frivolous and are, therefore, due to be dismissed with prejudice 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B.    The Parole Revocation Challenge

Dixon had a parole revocation hearing on May 7, 2020. He alleges Defendant Anthony denied his request for a continuance to obtain documentary evidence and discovery for presentation at the hearing. Dixon also alleges that there was no fact-finding hearing during the revocation proceeding, which denied him due process, and that his parole contract was breached by the parole board's determination that he was guilty of committing a new offense even though the state court dismissed the new charges against him at the prosecution's request. Finally, Dixon alleges the parole board failed to provide him with a written statement containing an explanation of the reasons supporting the decision to revoke his parole and the evidence it relied on to do so. Doc. 1 at 2–3.

Under well-established law, Dixon is entitled to no relief on these claims, as they challenge the fundamental legality of his incarceration. *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Federal law provides that claims challenging an alleged improper revocation of parole for which release from prison is sought or which may result in release from imprisonment should be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus.

*See Heck,* 512 U.S. at 481 (explaining that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards,* 520 U.S. at 645 (holding that the "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his current incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254").

The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of the adverse action resulting in his incarceration])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct [resulting in confinement] or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

The principles espoused in *Heck* and *Balisok* foreclosing review of claims that go to the fundamental legality of a prisoner's confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to a revocation of parole. *See Green v.*

*McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of [the adverse parole decision] . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) (holding that "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [Plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the parole revocation 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'"); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) (finding "*Heck* applies to parole and probation revocation proceedings").

The conduct of parole officials that forms the basis for Dixon's incarceration as a parole violator has not been reversed, expunged, impugned, or invalidated in an appropriate state or federal action. Under the circumstances of this case, *Heck* and its progeny bar Dixon's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the decision to revoke his

parole. *Heck*, 512 U.S. at 489 (explaining that "[w]e do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged decision] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (observing that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion"). Consequently, Dixon's challenges to the constitutionality of Defendants' conduct resulting in the decision to revoke his parole and his current imprisonment based on such action is not cognizable in this civil matter, as it provides no basis for relief at this time. Therefore, the Complaint is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## C.    Supplemental Jurisdiction

Insofar as Dixon seeks relief for a violation of state law, review of a pendent state law claim is appropriate only upon exercise of this Court's supplemental jurisdiction. In the posture of this case, however, the undersigned concludes that exercise of supplemental jurisdiction over any state law claim Dixon seeks to present is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over

---

[1] Dixon is advised that any federal petition for writ of habeas corpus he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). Exercising supplemental jurisdiction is discretionary. *Gibbs*, 383 U.S. at 725–26; *see also* 28 U.S.C. § 1367(c)(3) (provides a district court discretion to "decline to exercise supplemental jurisdiction over a claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction"). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Because of the resolution of the federal claim presented by Dixon, the undersigned concludes that any pendent state law claim regarding the challenged parole revocation proceeding is due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

## IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS as follows:

1.      Plaintiff's claims against Defendant Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), as this Defendant is absolutely immune from suit.

2.      Plaintiff's due process claims challenging the fundamental legality of his incarceration as a parole violator be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), as such claims currently provide no basis for relief.

3.      Plaintiff's pendent state law claims be DISMISSED without prejudice, as the Court declines the exercise of supplemental jurisdiction over the claims.

4.      This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

Further, it is ORDERED that by **May 25, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of May, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE